**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4170**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SHI BIN DONG,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:11-cr-00085-CCE-3)

Submitted: November 29, 2012     Decided: December 11, 2012

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles L. White, Greensboro, Greensboro, North Carolina, for Appellant. Frank Joseph Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shi Bin Dong appeals from his convictions and 46-month sentence entered pursuant to his guilty plea to conspiracy to commit access device fraud and aggravated identity theft. Dong's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred in imposing sentence. Neither Dong nor the Government has filed a brief. We affirm.

Dong's sentence is reviewed for reasonableness, applying the abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, we must decide whether the court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). If the sentence is free of significant procedural error, we review the substantive reasonableness of the sentence. Lynn, 592 F.3d at 575.

2

Our review of the record shows that the district court correctly calculated Dong's Guidelines range, without objection; analyzed the arguments presented by both sides; and sufficiently explained the selected sentence. The court granted the Government's request for a downward departure under United States Sentencing Guidelines Manual § 5K1.1 (2011) based on Dong's substantial assistance and gave sufficient reasoning for the departure. To the extent Dong argues that the district court erred in selecting the extent of its departure, this decision is unreviewable on appeal. See United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995) (holding that extent of departure is only reviewable if it resulted in a sentence imposed in violation of law or resulted from an incorrect application of the Guidelines). Based on the foregoing, we conclude that the sentence is procedurally reasonable.

Turning to the substantive reasonableness of Dong's sentence, we presume that a sentence within a properly-calculated Guidelines range is reasonable. Rita v. United States, 551 U.S. 338, 351 (2007). Dong's sentence was below the bottom of the applicable Guidelines range and only five months longer than the sentence requested by Dong. Dong has failed to overcome the presumption of reasonableness accorded his sentence because he has not identified any sentencing factor that would warrant a different outcome. See United States v. Susi, 674

3

F.3d 278, 289 (4th Cir. 2012) (holding that a below-Guidelines sentence is entitled to a presumption of reasonableness).

In accordance with <u>Anders</u>, we have reviewed the entire record for reversible error and have found none. Thus, we affirm Dong's convictions and sentence. This court requires that counsel inform Dong in writing of his right to petition the Supreme Court of the United States for further review. If Dong requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dong. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>